KEYES, Respondent, v. CARLTON, et al, Appellants.

(221 N. W. 699.)

(File No. 6717. Opinion filed November 9, 1928.)

See, also, 221 N. W. 24.

*R. P. Carlton* and *Irving. R. Crawford,* both of Huron, for Appellants.

CAMPBELL, J. This cause was an appeal sought to be taken from part of a judgment of the circuit court filed and entered on July 1, 1927, certified copy of notice of appeal having been filed in this court on April 20, 1928, and the original notice on May 24, 1928. There was no extension of time for filing briefs, and no briefs were filed by appellant, and, pursuant to rule 5 of this court, the appeal was deemed abandoned, and judgment of affirmance was entered on September 22, 1928. 221 N. W. 24.

Upon application of appellants, bearing date October 12, 1928, an order was issued returnable October 25, 1928, and duly served upon attorneys for respondent, directing them to show cause why the judgment of September 22, 1928, should not be vacated, and why appellants should not be relieved of their default and permitted to file briefs herein. The matter is now before us for disposition upon such order to show cause.

Appellants did not appear upon the return date of said order to show cause to present the matter orally, nor did they file any written brief thereon. The application to be relieved of the default seems to be based primarily upon the proposition that appellants were represented in the taking of this appeal by two attorneys, living in different towns, and that each of said attorneys, by virtue of misunderstanding and inadvertence, justifiably assumed that the other was attending to the matter of proper extension of time for filing appellants' brief on this appeal. The only affidavit filed in connection with the application for the issuance of this show cause order was subscribed by one of the attorneys for appellant, and recites in part as follows:

"That the appellants and their attorney Carlton relied upon affiant to carry on negotiations with attorneys for respondent for a written stipulation extending the time for filing briefs herein, but that because of a mutual misunderstanding, affiant did not know that he was expected to negotiate for such extension;

"That there was, in fact, a stipulation in writing entered into between attorneys for respondent and attorneys for appelants extending the time for filing of brief on the part of appellants until August 16, 1928, but because of the mutual misunderstanding above set forth, this stipulation was not applied for and made until after the thirty days for serving and filing briefs had expired; that such stipulation was forwarded to the Supreme Court, *but its filing was refused,* because the time for filing briefs as provided by the rules of the court had expired, *and appellants were notified that briefs could not be filed under such stipulation.*"

The record of this court indicates that the means, and the only means, by which "appellants were notified that briefs could not be filed under such stipulation," consisted of a letter from the clerk of this court to the attorney offering such stipulation for filing, which letter was dated and mailed on July 23, 1928, and was as follows:

"I am returning, without filing, stipulation granting extension of time for filing brief of appellants in case No. 6716-7, Keyes, etc., v. Carlton et al, for the reason that said appellants have been in default in the matter of serving brief since June 17th, 1928. This default may not be cured by mere stipulation, but by permission of the court secured by way of an order to show cause, or by stipulation waiving said order and supported by affidavit showing good cause for failure to comply with the rules."

The portion of the affidavit above quoted seems very clearly to indicate that this letter was duly received. Certainly, regardless of any misunderstanding which may have existed previously to the receipt of such letter from the clerk and regardless of whether the existence of such misunderstanding between counsel should be held a reasonable excuse for the default, such misunderstanding could hardly have continued after receipt of the clerk's letter of July 23d. By such letter one of the attorneys for appellant was fully advised that default existed and had existed for more than a month. If he had previously been relying upon his associate counsel to secure

an extension of time, he was now advised that such reliance was ill-advised and that no proper steps had been taken. He was further advised that the existing default could not be cured by the stipulation he had offered, and was advised how, and how only, it could be cured. Nevertheless, the record before us fails to indicate that any steps whatever were taken to cure said default between the receipt of the clerk's letter and the filing of the judgment of affirmance on September 22d, a period of practically two months, and the affidavit for relief from the default offers no excuse or explanation for the failure to make any sort of effort to remedy the default during such period. Assuming, without deciding, that there was justification for the default until the clerk's letter of July 23d, the utter and entirely unexplained lack of diligence for a period of approximately 60 days thereafter must bar the appellants from the relief sought at this time.

The application is denied.

BURCH, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.